———————o———————

## No. 6100.

## LAFAYETTE REALTY COMPANY vs. THOMAS TRAVIA.

### Syllabus.

1. The failure of the landlord to repair is not cause for the annullment of the lease. The remedy of the lessee is to call upon the landlord to make the repairs, and if he fails to do so, to make them himself at the landlord's expense.

2. While R. C. C., 2686, provides that a lessee desiring to terminate the lease must notify his landlord in writing at least 15 days before the expiration of the month which has begun to run, still the actual abandonment of the property by the lessee without the landlord's consent but with the latter's full knowledge, is the equivalent of such notice and is as effective in terminating the lease.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 103,132. Hon. E. K. Skinner, Judge.

Foster, Milling, Brian & Saal, for plaintiff and appellee.

L. H. Burns, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff sued for and recovered in the trial Court 12 months' rent, under an alleged oral lease from month to month, beginning September 18th.

On appeal defendant's first contention is that no rent at all is due because plaintiff failed to put the premises in repair as it had agreed to do as a condition precedent to the taking effect of the lease.

This defense is not sustained; for if there was any agreement at all upon the subject of repairs, the evidence shows that it was made during the term of the lease and while defendant was in the possession and enjoyment of the property. And conceding that plaintiff did, during the term of the lease, agree to repair the property, its failure to comply therewith did not terminate the lease, defendant's remedy being to notify his landlord and to make the repairs himself if the latter should fail to do so. R. C. C., 2694.

It appears however, that at the end of the first month, namely on October 18th, defendant, without having given the legal notice of his desire to terminate the lease as required by R. C. C., 2686, vacated and abandoned the property to the full knowledge of plaintiff but against the latter's protest; and upon this state of facts defendant urges that he cannot be held for more than two months' rent, that is, not beyond the month ending November 18th.

Upon the other hand plaintiff contends that as the lessee has never given notice ''in writing at least 15 days before the expiration of the month,'' as provided by R. C. C., 2686, the lease continued in effect and the judgment for the 12 months rent is proper.

The contrary, however, has directly been held in the case of **Waples vs. City of New Orleans, 28 An., 688,**

when the principle was laid down that the landlord's actual knowledge of the abandonment of the property by the lessee was the equivalent of the written notice required by the Code and was as effective in putting an end to a monthly lease.

The judgment will consequently require amendment so as to confine plaintiff's recovery to the rent for the two months ending November 18th.

The judgment appealed from is accordingly amended and to that end it is set aside and recast so as to read as follows, to-wit:

It is ordered and decreed that there be judgment in favor of the Lafayette Realty Company, plaintiff, and, against Thomas Travia, defendant, for one hundred and twenty ($120.00) dollars with 5% interest on $60.00 thereof from October 18th, 1912, and with 5% interest on the balance thereof from November 18th, 1912, the defendant to pay the cost of the lower Court and the plaintiff those of the appeal.

Judgment amended.

Opinion and decree, May 18th, 1914.